1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| | |
|---|---|
| STEPHEN BROWN and GARRETT PATTERSON, | CASE NO. 3:15-cv-05403-RJB |
| Plaintiffs, | ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| CITY OF LAKEWOOD, DARREL MOORE, and MICHAEL MCGETTIGAN, | |
| Defendants. | |

11
12
13
14
15
16
17

THESE MATTERS come before the Court on Defendants' Motion for Summary Judgment (Dkt. 13) and Plaintiffs' Cross-Motion for Partial Summary Judgment (Dkt. 21). The Court has considered the pleadings filed in favor of and in opposition to the motions (Dkts. 13-30), oral argument by the parties, and the remainder of the file herein.

FACTUAL BACKGROUND

    *a.   Initial entry of the apartment.*

18
19
20
21
22
23
24

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFFS'
CROSS-MOTION FOR PARTIAL SUMMARY
JUDGMENT- 1

1    The parties agree that this incident stems from an anonymous 911 report from an

2    apartment complex on November 15, 2013 at 23:41 hours. The anonymous caller reported

3    "hearing a male yelling inside loc[ation] . . .[but it is] unk[nown] who he's yelling at[.]" Dkt. 19-

4    6, at 1. Lakewood Police Department Officers Darrell Moore and Michael McGettigan

5    (collectively, "the officers") were dispatched to Unit 16, a two-bedroom apartment. They had

6    both previously visited the apartment complex for unrelated reasons, but neither had been to Unit

7    16 specifically. Dkt. 30, at 11; Dkt. 30, at 23. Neither officer made efforts to obtain additional

8    information from the 911 caller prior to approaching the residence. Dkt. 30, at 11. The officers

9    arrived at Unit 16 at 23:47 hours, Dkt. 19-6, at 1.

10   Mr. Patterson was standing in the open doorway to the apartment, while Mr. Brown was

11   either in the kitchen washing dishes, per Mr. Brown, or sitting on a couch drinking beer, per Mr.

12   Patterson. Dkt.17-1, at 9; Dkt. 17-2, at 8, 9. Officer Moore testified that both Mr. Patterson and

13   Mr. Brown appeared to be under the influence of drugs or alcohol, which they deny. Dkt. 17-1, at

14   6; Dkt. 17-2, at 8; Dkt. 27, at 2. Officer McGettigan's initial report states that he asked Mr.

15   Patterson if everything was fine, and Mr. Patterson told him it was. Dkt. 14, at 10. Mr. Patterson

16   states that he and one of the officers simply exchanged greetings before Mr. Brown came to the

17   door. Dkt. 17-1, at 9, 10.

18   Officer McGettigan's supplemental report and Mr. Brown's testimony overlap in their

19   basic descriptions of what happened once Mr. Brown came to the front door. According to both,

20   the officers explained that they were there in response to "someone yelling inside the apartment

21   and we had to make sure everyone inside was ok." Dkt. 19-7, at 3, 4; Dkt. 17-2, at 12, 14, 15.

22   Mr. Brown informed the officers that there were two females present in the apartment but asleep

23   in a back bedroom. Dkt. 17-2, at 11; Dkt. 19-7, at 4. The officers asked to come inside the

24

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFFS'
CROSS-MOTION FOR PARTIAL SUMMARY
JUDGMENT- 2

apartment to check on the two females, a request Mr. Brown refused. Dkt. 17-2, at 11; Dkt. 19-7, at 4. The officers asked if Mr. Brown would wake the two females and bring them to the front door for the officers to ensure their safety, but Mr. Brown stated that he did not want to wake them. Dkt. 17-2, at 13; Dkt. 19-7, at 4. The conversation "went back and forth a bit," with the Officer McGettigan insisting that "[he] was required by law to check on the welfare of the females to make sure they were not injured." Dkt.17-2, at 11; Dkt. 19-7, at 4. Mr. Brown refused to allow the officers entry and repeatedly told them that they would need a warrant to enter. Dkt.17-2, at 11; Dkt. 19-7, at 4.

   *b. Arrest of Mr. Brown.*

  With the officers and Mr. Brown still standing at the apartment entrance, Officer McGettigan's supplemental report states that he informed Mr. Brown that he was under arrest for obstructing and grabbed Mr. Brown's right arm, which Mr. Brown pulled away. Dkt. 19-7, at 4. From Mr. Brown's perspective, Officer McGettigan did not inform him that he was under arrest until after grabbing Mr. Brown's arm. Dkt. 19-1, at 12, 13. Mr. Brown testified that he pulled his arm back and asked why he was being arrested, and Officer McGettigan told him that he was resisting arrest. Dkt. 19-1, at 13. According to both the supplemental report and Mr. Brown's testimony, Officer Moore grabbed Mr. Brown's left arm, and both officers restrained Mr. Brown in the apartment living room against a chair. 19-7, at 4. Dkt. 19-1, at 12. Officer Moore later placed Mr. Brown in handcuffs and informed him of his constitutional rights.

   *c. Arrest of Mr. Patterson.*

  Officer McGettigan testified that as he and Officer Moore were restraining Mr. Brown against the living room chair, Mr. Patterson "walked past me and [Mr. Brown] and tried to go into the back room. I told [Mr. Patterson] to stop and tried to grab his left arm and he pulled it

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFFS'
CROSS-MOTION FOR PARTIAL SUMMARY
JUDGMENT- 3

1    away[.]" Dkt. 19-7, at 4. Mr. Patterson acknowledged that he moved towards the back bedroom

2    but testified that he was retrieving the two females to alleviate the officers' concern for their

3    welfare, which "[he] didn't have to do because [the two females] heard the thumping and all of

4    the commotion and they ran out." Dkt. 19-2, at 14.

5         According to Mr. Patterson, Officer McGettigan "tossed" Mr. Patterson to the ground,

6    placed his knee on Mr. Patterson's neck, and grabbed Mr. Patterson's arm to restrain him with

7    handcuffs. Dkt. 19-2, at 16. Mr. Patterson testified that he asked Officer McGettigan to grab his

8    other arm, because, unlike the restrained arm, his other arm was not recovering from wrist

9    surgery. Dkt. 19-2, at 16. Officer McGettigan allegedly paid no attention to Mr. Patterson's

10   request. Dkt. 19-2, at 16. Mr. Patterson testified that he still suffers from arthritis in his left wrist

11   and migraine headaches due to the incident. *Id.*, 20.

12        Officer McGettigan's supplemental report states that after he and Mr. Patterson were on

13   the ground, he restrained Mr. Patterson, who "continued to try to pull his left arm away from

14   [Officer McGettigan when Mr. Patterson's] right arm was under his chest and [Officer

15   McGettigan] could not see [Mr. Patterson's] hand." Dkt. 19-7, at 4. The supplemental report

16   narrates further that Officer McGettigan "was then able to get a good grip on [Mr. Patterson's]

17   left wrist and using pain compliance [he] was able to place one cuff onto [Mr. Patterson]" and

18   then the other. Dkt. 19-7, at 4. The supplemental report states that Mr. Patterson "told [Officer

19   McGettigan] the cuff on the left wrist was hurting him and [Officer McGettigan] loosened it to

20   make sure it was gauged correctly[.]" *Id.*

21        d.  *Post-arrest facts.*

22        According to the docket from Mr. Brown's arraignment, held on December 24, 2013, a

23   "determination of probable cause [was] established" for Obstruction and Resisting Arrest. Dkt.

24

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFFS'
CROSS-MOTION FOR PARTIAL SUMMARY
JUDGMENT- 4

17-3. Mr. Brown stipulated to probable cause for purposes of arraignment, but he went to trial and was acquitted by a jury on both counts. *Id*.

Mr. Patterson pled guilty to the crime of Obstruction. Dkt. 17-6 ("On 11/15/13 . . . I did not comply immediately w/ the officers [*sic*] requests in violation of the laws of WA.").

*e.   Plaintiffs' Claims.*

Plaintiffs have alleged both constitutional and state common law claims, Dkt. 1-1, some of which they have elected to abandon. Based on Plaintiffs' representations at oral argument and the factual representations in the parties' motions, the following claims remain:

**Constitutional claims under § 1983:**

(1) Mr. Brown's § 1983 Unlawful Entry claims against Officer Moore, Officer McGettigan, and the City of Lakewood;

(2) Mr. Patterson's § 1983 Unlawful Entry claims against Officer Moore, Officer McGettigan, and the City of Lakewood;

(3) Mr. Brown's § 1983 Unlawful Seizure/Arrest claims against Officer Moore and Officer McGettigan;

(4) Mr. Patterson's § 1983 Unlawful Seizure/Arrest claim against Officer McGettigan; and

(5) Mr. Patterson's §1983 Excessive Force claim against Officer McGettigan.

**State law claims:**

(1) Mr. Brown's claims of False Arrest and False Imprisonment against Officer Moore and Officer McGettigan;

(2) Mr. Patterson's claims of False Arrest and False Imprisonment against Officer McGettigan; and

(3) Mr. Patterson's claims of Assault and Battery against Officer McGettigan.

<u>SUMMARY JUDGMENT STANDARD</u>

1    Summary judgment is proper only if the pleadings, the discovery and disclosure materials

2    on file, and any affidavits show that there is no genuine issue as to any material fact and that the

3    movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is

4    entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

5    showing on an essential element of a claim in the case on which the nonmoving party has the

6    burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of

7    fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for

8    the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

9    (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

10   metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a

11   material fact exists if there is sufficient evidence supporting the claimed factual dispute,

12   requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby,*

13   *Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

14   *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

15   The determination of the existence of a material fact is often a close question. The court

16   must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

17   e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect.*

18   *Service Inc.*, 809 F.2d at 630. Factual issues must be resolved in favor of the nonmoving party,

19   but the nonmoving party may not merely state that it will discredit the moving party's evidence

20   at trial, in the hopes that evidence can be developed to support the claim. *T.W. Elec. Service*

21   *Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

22                                          DISCUSSION

23   **I.    CONSTITUTIONAL CLAIMS UNDER § 1983.**

24

**A. § 1983 claims, qualified immunity, and municipal liability generally.**

42 U.S.C. § 1983 provides a civil remedy for constitutional deprivations by persons acting under color of law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). However, individual defendants in § 1983 actions may be entitled to qualified immunity if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity balances two important interests: the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Harlow v. Fitzgerald*, 457 U.S. at 815. In analyzing a qualified immunity defense, the Court must determine: (1) whether a constitutional right would have been violated on the facts alleged, taken in the light most favorable to the party asserting the injury; and (2) whether the right was clearly established when viewed in the specific context of the case. *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001). A right is "clearly established" if it would be clear to a reasonable that his or her conduct was unlawful in the situation confronted. *Id.*

Municipalities may be liable as "persons" under § 1983 when "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Social Serv. of N.Y.*, 436 U.S. 658, 694 (1978). A municipal "policy" may be established by a long-standing practice or custom. *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir.1992). A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom,

1  but there may be municipal liability if, among other circumstances[1], a final policy maker

2  "ratified" a subordinate's actions. To show ratification, a plaintiff must show that an authorized

3  policymaker knew of and approved a subordinate's unconstitutional decision and the basis for it.

4  *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999).

5  **B.  § 1983 Unlawful Entry claims.**

6  The Fourth Amendment "has drawn a firm line at the entrance of the house." *Payton v.*

7  *New York*, 445 U.S. 573, 590. Entering a home without a warrant is presumptively unlawful,

8  absent an exception. *Id.*, at 586. One exception, exigent circumstances, justifies entry where

9  officers "have both probable cause to believe that a crime has been or is being committed and a

10  reasonable belief that their entry is necessary to prevent . . .  physical harm to the officers or

11  other persons, the destruction of relevant evidence, the escape of the suspect, or some other

12  consequence improperly frustrating legitimate law enforcement efforts." *Hopkins v. Bonvicino*,

13  573 F.3d 752, 763 (9th Cir. 2009). *Kirk v. Louisiana*, 536 U.S. 635, 638 (2002). The officers

14  "must demonstrate specific and articulable facts to justify the finding" of exigency. *Sandoval v.*

15  *Las Vegas Metro. The officers Dep't.*, 756 F.3d 1154, 1161 (9th Cir. 2014). Domestic abuse cases

16  "present dangers that, in an appropriate case, may override considerations of privacy . . . [given]

17  '"the combustible nature of domestic disputes[.]" *Id.*, at 1136, quoting *Tierney v. Davidson*, 133

18  F.3d 189, 197 (2nd Cir.1998). However, a report of domestic violence does not amount to *per se*

19  exigent circumstances. *Id.*

20  A second exception, the emergency aid exception, allows the officers "to enter a home

21  without a warrant to render emergency assistance to an injured occupant or to protect an

22

23

24  [1] There are at least two other exceptions both inapplicable to this case. *See Christie v.*
*Iopa*, 176 F.3d 1231, 1235-1241 (9th Cir.1999).

1   occupant from imminent injury." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006).  The

2   exception is assessed "'from the perspective of a reasonable officer on the scene, rather than

3   20/20 vision of hindsight.'" *Sandoval*, 756 F.3d at 1165, quoting *Ryburn v. Huff*, 132 S.Ct. 987,

4   992 (2012).

5       1.   Mr. Brown v. Officer Moore.

6       Qualified immunity does not shield Officer Moore from liability for the alleged Unlawful

7   Entry, and issues of fact preclude summary judgment in favor of either Mr. Brown or Officer

8   Moore. First, there is a sufficient showing that a constitutional deprivation may have occurred.

9   When applying the exigent circumstances and emergency aid exceptions to the warrant

10  requirement, as Defendants urge, significant issues of fact emerge as to whether the exceptions

11  provided Officer Moore with constitutional justification for his actions. For example, issues of

12  fact surround whether Officer Moore had probable cause to enter the apartment to prevent

13  physical harm, destruction of evidence, or escape of suspects (exigent circumstances), and

14  whether Mr. Moore reasonably believed there to be an imminent injury (emergency aid

15  exception). Second, the alleged deprivation, if true, constitutes "clearly established law" such

16  that a reasonable officer would be aware of its contours, because entry into a home without

17  probable cause is "unequivocally . . . a precondition for any warrantless entry to seize a person in

18  his home." *LaLonde v. County of Riverside*, 204 F.3d 947 (9th Cir.2000). Mr. Brown's and

19  Officer Moore's motions for summary judgment should be denied as to Mr. Brown's § 1983

20  Unlawful Entry claim against Officer Moore.

21      2.   Mr. Brown v. Officer McGettigan.

22      Officer McGettigan entered the apartment under the same circumstances as Officer

23  Moore, so the analysis of whether qualified immunity is appropriate and whether there are issues

24

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFFS'
CROSS-MOTION FOR PARTIAL SUMMARY
JUDGMENT- 9

1  of material fact is the same. Officer McGettigan is not entitled to qualified immunity, and there

2  are issues of material fact. Mr. Brown's and Officer McGettigan's motions for summary

3  judgment should be denied as to Mr. Brown's § 1983 Unlawful Entry claim against Officer

4  McGettigan.

5          3.  Mr. Brown v. the City of Lakewood.

6          Mr. Brown alleges two *Monell* theories[2] for the City of Lakewood's municipal liability,

7  both of which are sufficiently substantiated by the record to create issues of material fact. First,

8  Mr. Brown points to Lakewood Police Department's policy of warrantless entry in suspected

9  domestic violence cases, verbally articulated by Lakewood Police Department Police Chief

10  Michael Zaro, who testified that, "we're negligent if we go to the door and just knock—or walk

11  away without checking on everybody that's inside the residence." Dkt. 19-5, at 8, 11. Plaintiffs

12  allege that this kind of check-in is a regular occurrence, *id.*, and was a motivating factor to the

13  officers' decision to enter the apartment. Dkt. 19-3, at 12. *See Gillette v. Delmore*, 979 F.2d

14  1342, 1346 (9th Cir.1992). Second, Mr. Brown alleges that Lakewood Police Department is liable

15  because Chief Zaro ratified the officers' unconstitutional entry, an allegation supported by Chief

16  Zaro's testimony that he approved of Officer McGettigan's supplemental report "because it met

17  our policy and law." Dkt. 19-5, at 12. *See Christie v. Iopa*, 176 F.3d at 1239.

18          Issues of material fact remain as to the City of Lakewood's liability for the officers'

19  alleged unlawful entry. The City of Lakewood's motion for summary judgment should be

20  granted insofar as Mr. Brown seeks to pursue a municipal liability under a theory of *respondeat*

21

22

23  _____

24          [2] Plaintiffs stated at oral argument that they have elected not to proceed with their
*respondeat superior* theory of municipal liability.

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFFS'
CROSS-MOTION FOR PARTIAL SUMMARY
JUDGMENT- 10

1  *superior* but should otherwise be denied as to Mr. Brown's § 1983 Unlawful Entry claim against

2  the City of Lakewood. Mr. Brown's motion for summary judgment should be denied.

3      4.  <u>Mr. Patterson v. Officer Moore.</u>

4      As a threshold matter, even as a houseguest, not a roommate, Mr. Patterson had a

5  reasonable expectation of privacy at the apartment. *Minnesota v. Olson*, 495 U.S. 91, 95-98

6  (1990). Officer Moore entered the apartment under similar circumstances as to Mr. Patterson as

7  to Mr. Brown, so the analysis of whether qualified immunity is appropriate and whether there are

8  issues of material fact is the same. Officer McGettigan is not entitled to qualified immunity, and

9  there are issues of material fact. Mr. Patterson's and Officer Moore's motions for summary

10  judgment should be denied as to Mr. Patterson's § 1983 Unlawful Entry claim against Officer

11  Moore.

12      5.  <u>Mr. Patterson v. Officer McGettigan.</u>

13      Officer McGettigan entered the apartment under the same circumstances as Officer

14  Moore, so the analysis of whether qualified immunity is appropriate and whether there are issues

15  of material fact is the same. Officer McGettigan is not entitled to qualified immunity, and there

16  are issues of material fact. Mr. Patterson's and Officer McGettigan's motions for summary

17  judgment should be denied as to Mr. Patterson's § 1983 Unlawful Entry claim against Officer

18  McGettigan.

19      6.  <u>Mr. Patterson v. the City of Lakewood.</u>

20      Any liability of the City of Lakewood for the officers' unlawful entry as to Mr. Patterson

21  arose under the same circumstances as to Mr. Brown, so issues of material fact remain as to Mr.

22  Patterson's claim against the City of Lakewood. As to Mr. Patterson's § 1983 Unlawful Entry

23  claim against the City of Lakewood, the City of Lakewood's motion for summary judgment

24

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFFS'
CROSS-MOTION FOR PARTIAL SUMMARY
JUDGMENT- 11

1    should be granted insofar as Mr. Patterson seeks to pursue a *respondeat superior* theory of

2    liability but should otherwise be denied. Mr. Patterson's motion for summary judgment should

3    be denied.

4    **C.  § 1983 Unlawful Seizure/Arrest claims.**

5           To prevail on a § 1983 claim for Unlawful Arrest, also known as false arrest, plaintiffs

6    must show that law enforcement lacked probable cause for arrest. *Cabrera v. City of Huntington*

7    *Park*, 159 F.3d 374, 380 (9th Cir. 1998). Probable cause is exists "'where there is a fair

8    probability or substantial chance of criminal activity.'" *Valazquez v. City of Long Beach*, 793

9    F.3d 1010, 1018 (9th Cir.2015) quoting *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th

10   Cir.2004).  The probable cause determination is "based upon the totality of the circumstances

11   known to the officers at the time" of the arrest. *Id.*

12          1.  Mr. Brown v. Officer Moore.

13          Qualified immunity does not shield Officer Moore from liability for Mr. Brown's

14   Unlawful Arrest claim, and issues of fact preclude summary judgment in favor of either Mr.

15   Brown or Officer Moore. Based on the pleadings, there is a sufficient factual basis to conclude

16   that a constitutional deprivation may have occurred and that the deprivation violated clearly

17   established law, because Officer Moore arguably lacked probable cause to arrest Mr. Brown.

18          Under Washington law, the crime of Obstruction requires, *inter alia*, that a person

19   knowingly take action or inaction to hinder, delay, or obstruct officers executing lawful official

20   duties. RCW § 9A.76.020. *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1053 (9th Cir.2009).

21   Officer Moore argues that Mr. Brown's alleged refusal to wake up the two women sleeping and

22   to allow entry constitutes probable cause for Obstruction. However, Officer Moore provides no

23   authority for the proposition that a person must affirmatively retrieve other people from

24

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFFS'
CROSS-MOTION FOR PARTIAL SUMMARY
JUDGMENT- 12

1  bedrooms in a house upon request by police, and refusing entry to one's home is a clearly-

2  established constitutional right, under both state and federal law, that does not constitute

3  Obstruction. *State v. Ferrier*, 136 Wn.2d 103, 118 (1998); *United States v. McWeeney*, 454 F.3d

4  1030, 1034 (9th Cir. 2006). *See United States v. Prescott*, 581 F.2d 1343, 1351 (9th Cir. 1978)

5  (not obstruction to refuse warrantless search). Assuming the facts as substantiated by Mr. Brown,

6  he was "not required to surrender his Fourth Amendment protection on the say so of the officer."

7  *Prescott*, 581 F.2d at 1351. Issues of fact remain as to the basis for Officer Moore's arrest of Mr.

8  Brown. Mr. Brown and Officer Moore's summary judgment motions should be denied as to Mr.

9  Brown's § 1983 Unlawful Seizure/Arrest claim against Officer Moore.

10        2.  Mr. Brown v. Officer McGettigan.

11        From the record provided, it appears that Officer McGettigan, like Officer Moore, may

12  have placed Mr. Brown under arrest. To that extent, the analysis of whether qualified immunity

13  is appropriate and whether there are issues of material fact is the same. Officer McGettigan is not

14  entitled to qualified immunity, and there are issues of material fact. Mr. Brown's and Officer

15  McGettigan's motions for summary judgment should be denied as to Mr. Brown's § 1983

16  Unlawful Seizure/Arrest claim against Officer McGettigan.

17        3.  Mr. Patterson v. Officer McGettigan.

18        Mr. Patterson's guilty plea to the crime of Obstruction bars a subsequent challenge to the

19  underlying probable cause for the arrest by Officer McGettigan, because a judgment in Mr.

20  Patterson's favor on this claim would necessarily imply the invalidity of his Obstruction

21  conviction, and Mr. Patterson is "bar[red] from bringing his cause of action until his conviction

22  is overturned." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Even were the claim not barred,

23  qualified immunity would preclude the claim, especially with facts so analogous to *Lassiter*. In

24

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFFS'
CROSS-MOTION FOR PARTIAL SUMMARY
JUDGMENT- 13

1   *Lassiter*, law enforcement told a suspect to "stop" but he continued moving towards the kitchen,

2   which "had the practical effect of precluding the officers from securing the scene and

3   investigating a possible assault," resulting in the suspect's arrest for Obstruction. *Lassiter*, 556

4   F.3d at 1053. Officer McGettigan's motion for summary judgment should be granted as to Mr.

5   Patterson's § 1983 Unlawful Seizure/Arrest claim against Officer McGettigan. Mr. Patterson's

6   motion for summary judgment should be denied.

7          **D.  § 1983 Excessive Force claim.**

8          Excessive force claims are properly analyzed under a Fourth Amendment reasonableness

9   inquiry that considers the totality of the circumstances. Non-exhaustive considerations include

10  the severity of the crime, whether the suspect posed an immediate threat, and whether the suspect

11  actively resisted or attempted to arrest by flight. *Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir.

12  1995); *Graham v. Connor*, 490 U.S. 385 (1989); *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir.

13  2005). Summary judgment in excessive force cases "should be granted sparingly." *Santos v.*

14  *Gates*, 287 F.3d 846, 853 (9th Cir. 2002).

15         1.  <u>Mr. Patterson v. Officer McGettigan.</u>

16         Qualified immunity should not shield Officer McGettigan from liability, where issues of

17  fact are sufficient surround an alleged constitutional deprivation of clearly established law.

18  Officer McGettigan may have used excessive force where, according Mr. Patterson, at the time

19  of arrest Mr. Patterson informed Officer McGettigan of prior surgery to his left wrist, but Officer

20  McGettigan paid no attention and instead placed handcuffs on Mr. Patterson in a painful manner.

21  Dkt. 19-2, at 5, 15, 16. Officer McGettigan allegedly unnecessarily placed his knee on Mr.

22  Patterson's neck when restraining him, causing Mr. Patterson to sustain abrasions to his face. *Id.*,

23  at 15-17. Mr. Patterson testified that he still suffers from arthritis in his left wrist and migraine

24

1  headaches due to the incident. *Id*., at 20. While qualified immunity applies to excessive force

2  claims to protect law enforcement from the sometimes "'hazy border between excessive and

3  acceptable force,'" *Brosseau v. Haugen*, 543 U.S. 194 (2004), quoting from *Saucier v. Katz*, 533

4  U.S. at 206, this is not such a case. Mr. Patterson's and Officer McGettigan's motions for

5  summary judgment should be denied as to Mr. Patterson's § 1983 Excessive Force claim against

6  Officer McGettigan.

7  **II.    STATE LAW CLAIMS.**

8       **A.  False Arrest and False Imprisonment.**

9       Under Washington law, "[t]he gist of an action for false arrest or false imprisonment is

10  the unlawful violation of a person's right of personal liberty or the restraint of that person without

11  legal authority[.]" *Bender v. City of Seattle*, 99 Wn. 2d 582, 591 (1983).

12       As referenced  by the parties at oral argument, the state law claims for False Arrest and

13  False Imprisonment overlap considerably with the § 1983 Unlawful Seizure/Arrest claims.

14       1.  Mr. Brown v. Officer Moore.

15       The same issues of fact that preclude summary judgment of Mr. Brown's § 1983

16  Unlawful Seizure/Arrest claim against Officer Moore also preclude summary judgment of the

17  state law claims for False Arrest and False Imprisonment. Officer Moore's motion for summary

18  judgment should be denied as to Mr. Brown's claims for False Arrest and False Imprisonment

19  against Officer Moore. Mr. Brown does not request summary judgment as to this claim.

20       2.  Mr. Brown v. Officer McGettigan.

21       The same issues of fact that preclude summary judgment of Mr. Brown's § 1983

22  Unlawful Seizure/Arrest claim against Officer McGettigan also preclude summary judgment of

23  the state law claims for False Arrest and False Imprisonment. Officer McGettigan's motion for

24

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFFS'
CROSS-MOTION FOR PARTIAL SUMMARY
JUDGMENT- 15

1    summary judgment should be denied as to Mr. Brown's claims for False Arrest and False

2    Imprisonment against Officer McGettigan. Mr. Brown does not request summary judgment as to

3    this claim.

4              3.   Mr. Patterson v. Officer McGettigan.

5         For the same reason that Mr. Patterson is barred from bringing a § 1983 Unlawful

6    Seizure/Arrest claim, Mr. Patterson is also barred from bringing state law claims for False Arrest

7    and False Imprisonment. Officer McGettigan's motion for summary judgment should be granted

8    as to Mr. Patterson's claims for False Arrest and False Imprisonment against Officer

9    McGettigan. Mr. Patterson does not request summary judgment as to this claim.

10   **B.  Assault and Battery.**

11        Under Washington law, the tort of battery is defined as "harmful or offensive contact

12   with a person, resulting from an act intended to cause the plaintiff or a third person to suffer such

13   contact." *McKinney v. City of Tukwila*, 103 Wn.App. 391, 408 (2000). The tort of assault is

14   committed even where there has been no bodily contact, if a person "[w]ith an intent to put

15   another person in immediate apprehension of harmful or offensive contact" causes that person

16   said apprehension. *Brower v. Ackerley*, 88 Wn.App. 87, 92–93 (1997) (1997) (citing Restatement

17   (Second) of Torts § 21.

18        As referenced  by the parties at oral argument, the state law claims for Assault and

19   Battery overlap considerably with the § 1983 Unlawful Seizure/Arrest claims.

20             1.   Mr. Patterson v. Officer McGettigan

21        The same issues of fact that preclude summary judgment of Mr. Patterson's § 1983

22   Excessive Force claim against Officer McGettigan also preclude summary judgment of the state

23   law claims for Assault and Battery. Officer McGettigan's motion for summary judgment should

24

1   be denied as to Mr. Patterson's Assault and Battery claims against Officer McGettigan. Mr.

2   Patterson does not request summary judgment as to this claim.

3                                                    * * *

4          THEREFORE, it is HEREBY ORDERED that Defendants' Motion for Summary

5   Judgment (Dkt. 13) is GRANTED IN PART and DENIED IN PART. Plaintiffs' Cross-Motion

6   for Partial Summary Judgment (Dkt. 21) is DENIED in its entirety.

7          The following claims may proceed to trial:

8          (1) Mr. Brown's § 1983 Unlawful Entry claims against Officer Moore, Officer
               McGettigan, and the City of Lakewood;
9

10         (2) Mr. Patterson's § 1983 Unlawful Entry claims against Officer Moore, Officer
               McGettigan, and the City of Lakewood;

11         (3) Mr. Brown's § 1983 Unlawful Seizure/Arrest claims against Officer Moore and
               Officer McGettigan;
12

13         (4) Mr. Patterson's §1983 Excessive force claim against Officer McGettigan;

14         (5) Mr. Brown's claims for False Arrest and False Imprisonment against Officer Moore
               and Officer McGettigan;

15         (6) Mr. Patterson's claims for Assault and Battery against Officer McGettigan.

16  All other claims are HEREBY DISMISSED.

17         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

18  to any party appearing *pro se* at said party's last known address.

19         Dated this 17th day of June, 2016.

20

21

22                                 ROBERT J. BRYAN
                                   United States District Judge
23

24
    ORDER ON DEFENDANTS' MOTION FOR
    SUMMARY JUDGMENT AND PLAINTIFFS'
    CROSS-MOTION FOR PARTIAL SUMMARY
    JUDGMENT- 17