UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN BROWN, an individual; and GARRETT PATTERSON, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LAKEWOOD, a municipal corporation; DARRELL MOORE, and individual; and MICHAEL McGETTIGAN, an individual, <br><br> Defendants. | CASE NO. C15-5403RJB <br><br> SUPPLEMENTAL ORDER ON MOTIONS IN LIMINE |

This matter comes before the court on the parties' Motions in Limine attacking the proposed testimony of experts in standards of police practice. Plaintiffs' Motion in Limine is at Docket 39, Paragraph 2.8, regarding the testimony of Thomas Ovens. Defendants' Motion in Limine is at Docket 37, and attacks the testimony of D.P. Van Blaricom in Numbers 1 and 2.

I. RULINGS

Both Mr. Ovens and Mr. Van Blaricom are qualified to render opinion testimony pursuant to Evidence Rule 702 in the area of standards of police practice, and may provide opinion testimony at trial on those issues regarding unlawful entry, unlawful seizure/arrest, excessive force, false arrest and false imprisonment, and assault and battery claims as set forth in

the court's Order on Defendants' Motion for Summary Judgment and Plaintiffs' Cross-Motion for Partial Summary Judgment (Dkt. 33 at page 17).

In regard to defendants' Motion in Limine No. 2, "[E]vidence or argument regarding newly-minted opinions by D.P. Van Blaricom on *Monell* issues," that motion should be GRANTED. Mr. Van Blaricom cannot testify regarding *Monell* based opinions that were not included in his expert report. On the other hand, as plaintiffs point out, all of the evidence in the case and the opinions of the expert witnesses indirectly would apply to the *Monell* arguments.

## II. OBSERVATIONS AND RULINGS

However, the court makes the following additional observations and rulings in regard to these motions:

**1. Fact Finding**.

"An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Evidence Rule 703. In spite of that evidence rule, expert witnesses cannot take it upon themselves to make findings on contested issues of fact. Both expert witnesses in their reports (Ovens at Dkt. 16, Van Blaricom at Dkt. 20), have made findings of fact on contested issues without indicating that they are only assuming the truth of certain evidence. Expert witnesses are not finders of fact and cannot present opinions based on findings they have made on contested issues. They can base their opinions on evidence they have considered, provided it is made clear to the finders of fact, the jury, that the opinion is based on the <u>assumption</u> that particular evidence is true. There may be a fine distinction, but it is entirely inappropriate for any witness who was not an eyewitness to the events at issue, to come into court and indicate that the witness believes the testimony of one witness or party over

another. Vouching for another witness is not allowed, whether done directly or indirectly. The distinction can be managed by careful questioning at trial.

Also, at different places throughout the experts' reports, they each reach conclusions of fact that may or may not be true, and may or may not be supported by the evidence in the case. For example, in Mr. Ovens report at Paragraph 9, he recites that, "Officers are trained to observe many indicators.…" An example in Mr. Van Blaricom's report appears in Paragraph 10(a)(1) that indicates, "They (police officers) are trained to know and understand…." There is no reference in either report to what training these particular defendants have received, or to the court's knowledge, where the factual conclusions regarding training comes from.

**2. Basis of Opinions**. Both experts, in their reports, refer to "the totality of the circumstances" as a basis for their opinions and list some items that they find important in reaching their opinions, but they do not connect their opinions to any authority except their own experience. Both experts cite authorities in their reports. If opinions are based on authorities, experts should be prepared to back up their opinions with those authorities. If opinions are based only on the knowledge, skill and expertise of the witness, they should say so.

**3. Page Fifteen of Van Blaricom's report**. In regard to Paragraph 15 of the Van Blaricom report (Dkt. 20), that long section appears to be advice to counsel regarding potential cross examination of Mr. Ovens, and it contains many facts that are not within the proper scope of the testimony of an expert witness.

**4. Standards**. In both reports, the expert witnesses have used different standards for their opinions: A "reasonable officer" in Mr. Ovens' report, and "reasonable standards of care" in Mr. Van Blaricom's report. Counsel should be careful in questioning the expert witnesses to elicit responses that apply the correct standards.

### III. CONCLUSION

The court is mindful that this opinion is not specific in many ways, and allows for adjustment in the way the opinions of the experts might be presented to the jury. Opinions to be presented at trial should be within the meaning and limitations of the experts' reports, even if questions and answers are couched in terms that are different than those in the reports.

To the foregoing extent, Plaintiffs' Motion in Limine at Docket 39, Paragraph 2.8, Parts A and B, and Defendants' Motion in Limine at Docket 37, Nos. 1 and 2, are GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 12th day of August, 2016.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge